UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD.,

                Plaintiffs,         Civil Action No.

                                     5:18-CV-1037[GTS/TWD]

v.

SURREAL ENTERTAINMENT LLC and BOB
ROSS INC.,

                Defendants.

## COMPLAINT AND JURY DEMAND

Plaintiffs CAR-FRESHNER Corporation ("CFC") and Julius Sämann Ltd. ("JSL") (collectively, "Plaintiffs") by and through their counsel Bond, Schoeneck & King, PLLC, for their Complaint against defendants Surreal Entertainment LLC ("Surreal") and Bob Ross Inc. ("BRI") (collectively, "Defendants") allege as follows:

### JURISDICTION AND VENUE

1. This action arises under the Lanham Trademark Act, as amended, 15 U.S.C. § 1051 *et seq.*, related state statutes, and the common law. This Court has jurisdiction under 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), and 28 U.S.C. § 1367(a).

2. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b), (c) and (d).

## PARTIES

3. Plaintiff CFC is a Delaware corporation that has its principal place of business at 21205 Little Tree Drive, Watertown, New York 13601.

4. Plaintiff JSL is a Bermuda corporation that has its principal place of business at Victoria Place, 31 Victoria Street, Hamilton HM10, Bermuda.

5. Upon information and belief, Defendant Surreal is an Ohio limited liability company that has its principal place of business at 2018 Great Trails Drive, Wooster, Ohio 44691.

6. Upon information and belief, Surreal operates a business that advertises, manufactures, and distributes "fan-driven" licensed merchandise, including air fresheners, through third-party retailers like FYE and Hot Topic, across the United States, including in the Northern District of New York.

7. Upon information and belief, Defendant BRI is a Virginia corporation that has its principal place of business at P.O. Box 946, Sterling, Virginia 20167.

8. Upon information and belief, BRI operates a business that advertises and sells a variety of consumer goods on the internet relating to the late Bob Ross, and also licenses third parties, including Surreal, to manufacture and distribute Bob Ross-related items, including air fresheners.

## PLAINTIFFS' BUSINESS AND TREE DESIGN MARKS

9. For over 60 years, under license from JSL and its predecessors, CFC and its predecessors have used trademarks and corporate identifiers comprising or containing a distinctive abstract Tree design (the "Tree Design Marks") and/or comprising or containing the mark LITTLE TREES (the "LITTLE TREES Marks"), in

connection with the manufacture, marketing, and sale of various products, including without limitation, the world famous air fresheners in the distinctive abstract Tree design shape ("LITTLE TREES Air Fresheners"), as shown by the examples below:



10. Examples of Plaintiffs' products bearing the Tree Design Mark and/or LITTLE TREES Marks are shown below:



11. As a result of this long and extensive use on quality products and this long and extensive use as corporate identifiers, the Tree Design Marks and LITTLE TREES Marks are well known and well received.

12. Plaintiffs' and their respective predecessors' rights in the Tree Design Marks date back to at least 1952.

13. Plaintiffs' and their respective predecessors' rights in the LITTLE TREES Marks date back to at least 1957.

14. JSL is the owner of the Tree Design Marks and the LITTLE TREES Marks, and CFC is the exclusive licensee of the Tree Design Marks and LITTLE TREES Marks for air fresheners in the United States.

15. Plaintiffs use the Tree Design Marks and LITTLE TREES Marks in many different fashions to identify Plaintiffs as the source of high quality goods. Among many other uses, the Tree Design Marks and LITTLE TREES Marks appear on the packaging for Plaintiffs' products, on the products themselves, in various forms of advertising and promotions for Plaintiffs and their products, and throughout websites operated by Plaintiffs. The Tree Design Marks also appear as the shape of the LITTLE TREES Air Fresheners.

16. JSL owns the following incontestable federal trademark registrations for the Tree Design Marks and the LITTLE TREES Marks, among others:

| Mark | Registration No. | Registration Date | Goods |
| --- | --- | --- | --- |
| [tree design with band and base] | 719,498 | August 8, 1961 | Absorbent body impregnated with a perfumed air deodorant, in Class 5 |
| [tree design on rectangular base] | 1,781,016 | July 13, 1993 | Air freshener, in Class 5 |

| Mark | Registration No. | Registration Date | Goods |
|---|---|---|---|
| *(tree design)* | 1,791,233 | September 7, 1993 | Air freshener, in Class 5 |
| *(tree design)* | 3,766,310 | March 30, 2010 | Air fresheners, in Class 5; pens and stickers, in Class 16; luggage tags, in Class 18; shirts and hats, in Class 25 |
| LITTLE TREES | 1,990,039 | July 30, 1996 | Air fresheners, in Class 5 |

17. Pursuant to 15 U.S.C. § 1115(a), JSL's registrations of the Tree Design Marks and LITTLE TREES Marks are *prima facie* evidence of the validity of such marks, of JSL's ownership of such marks, and of JSL's exclusive right to use and license such marks in connection with the goods identified in such registrations. Pursuant to 15 U.S.C. § 1115(b), JSL's incontestable registrations noted above are conclusive evidence of the validity of the marks and their corresponding registrations, of JSL's ownership of those marks, and of Plaintiffs' exclusive right to use those marks in commerce.

18. Plaintiffs have spent, and continue to spend, significant amounts of time and money developing, testing, and promoting their goods sold under the Tree Design Marks and LITTLE TREES Marks.

19. Plaintiffs' LITTLE TREES Air Fresheners are widely promoted in a variety of media, including on numerous websites, magazines, and printed promotional materials.

20. Plaintiffs' LITTLE TREES Air Fresheners are sold through a wide variety of different trade channels.

21. Plaintiffs' LITTLE TREES Air Fresheners appear frequently on television, in movies, and in popular culture as a symbol of high-quality goods originating with Plaintiffs.

22. As a result of this long and extensive use and promotion, Plaintiffs' Tree Design Marks and LITTLE TREES Marks enjoy widespread public recognition. They have acquired tremendous goodwill and secondary meaning among the consuming public, which recognizes the Tree Design Marks and LITTLE TREES Marks as exclusively associated with Plaintiffs.

23. Plaintiffs' LITTLE TREES Air Fresheners have become staples of American commerce, familiar to millions of consumers who encounter these products and marks in a wide variety of commercial contexts.  Consumers know and recognize the Tree Design Marks and LITTLE TREES Marks as designating products and services of the highest and most reliable quality.

24. The Tree Design Marks and LITTLE TREES Marks are non-functional and serve as arbitrary source identifiers of the Plaintiffs and their highly regarded products.

25. Plaintiffs' Tree Design Marks and LITTLE TREES Marks are famous throughout the United States and have enjoyed such fame since long prior to Defendants' infringing and diluting acts complained of herein.

26. JSL also has potent common law trademark rights in and to its Tree Design Marks and LITTLE TREES Marks by virtue of their longstanding and well-recognized use in commerce.

## THE DEFENDANTS' ACTIVITIES

27. Plaintiffs recently discovered that Surreal, without authorization from Plaintiffs, has offered for sale and sold air fresheners that are confusingly similar to Plaintiffs' famous Tree Design Marks and LITTLE TREES Marks (the "Infringing Products").

28. Upon information and belief, the Infringing Products have been sold in multiple fragrances, including sandalwood.

29. Surreal has indicated that the Infringing Products are made under a license from BRI, and that all designs made under that license are approved by BRI. Surreal has stated that BRI "has to approve the legal and design" of these products and also has authority to recommend changes.

30. Examples of the Infringing Products sold by Surreal and approved by BRI are shown in the images that appear immediately below:

  

31. Upon information and belief, Surreal has advertised, offered for sale, sold, and/or distributed Infringing Products throughout the United States, including in the Northern District of New York, through third-party retailers including FYE and Hot Topic.

32. For example: (a) on June 4, 2018, two of the Infringing Products were purchased by a customer at the FYE retail store at the Salmon Run Mall in Watertown, New York; and (b) on June 20, 2018, via an online purchase on the website of third-party retailer Hot Topic, an Infringing Product was sold to a customer in the Northern District of New York, and subsequently was delivered to the customer in this District.

33. Plaintiffs never have given Defendants permission to use Plaintiffs' Tree Design Marks or LITTLE TREES Marks in the sale or promotion of Defendants' products.

34. Defendants' use of the designs and marks at issue in connection with the sale, offering for sale, distribution, and/or advertising of air fresheners has been and, if continued, is likely to cause confusion, mistake, or deception as to the source or sponsorship of Defendants' products, and to mislead the public into believing that

Defendants' products emanate from, are approved or sponsored by, are licensed by, or are in some way associated or connected with Plaintiffs.

35. Upon information and belief, Defendants were aware of Plaintiffs' famous Tree Design Marks and LITTLE TREES Marks prior to the approval, promotion, and sale of the Infringing Products, but nevertheless intentionally proceeded with the approval, promotion, and sale of the Infringing Products with disregard for Plaintiffs' rights.

36. Defendants, by their acts complained of herein, have infringed the Tree Design Marks and LITTLE TREES Marks, diluted the unique commercial impression of the Tree Design Marks and LITTLE TREES Marks, unfairly competed with Plaintiffs in the marketplace, and otherwise improperly used the reputation and goodwill of Plaintiffs to sell their goods, which are not connected with, or authorized, approved, licensed, produced, or sponsored by, Plaintiffs.

37. Defendants' aforesaid acts have caused and, if continued, will continue to cause irreparable damage and injury to Plaintiffs, for which they have no adequate remedy at law.

## CLAIMS FOR RELIEF

### CLAIM I
### INFRINGEMENT OF A REGISTERED TRADEMARK
### (Federal)

38. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 37 as if set forth herein.

39. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association, or sponsorship of Defendants' goods and falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or approved by, Plaintiffs.

40. Defendants' activities constitute an infringement of the Tree Design Marks and LITTLE TREES Marks in violation of the Lanham Act, 15 U.S.C. § 1114.

41. Defendants' acts of infringement have caused injury to Plaintiffs.

42. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

43. Defendants' acts of infringement, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## CLAIM II
## TRADEMARK INFRINGEMENT AND
## UNFAIR COMPETITION
### (Federal)

44.     Plaintiffs repeat and reallege the allegations of paragraphs 1 through 43 as if set forth herein.

45.     Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake, or deception as to the source, origin or sponsorship of Defendants' goods, or to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by, Plaintiffs.

46.     Defendants' activities constitute infringement of Plaintiffs' Tree Design Marks and LITTLE TREES Marks, false designations of origin, and unfair competition in violation of 15 U.S.C. § 1125(a).

47.     Defendants' acts of infringement, false designations of origin, and unfair competition have caused injury to Plaintiffs.

48.     Upon information and belief, Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

49.     Defendants' acts of infringement, false designations of origin, and unfair competition, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## CLAIM III
## TRADEMARK DILUTION
## (Federal)

50. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 49 as if set forth herein.

51. Plaintiffs are the owners and licensees of the rights in and to Plaintiffs' Tree Design Marks and LITTLE TREES Marks that are distinctive and famous among the general consuming public in the United States, and have been famous since long before Defendants engaged in the activities complained of herein.

52. Defendants' activities as described above have been and, if continued, are likely to dilute, impair, tarnish, and blur the distinctive quality of Plaintiffs' famous Tree Design Marks and LITTLE TREES Marks in violation of 15 U.S.C. § 1125(c).

53. Defendants' acts of dilution have caused injury to Plaintiffs.

54. Upon information and belief, Defendants have engaged in these activities willfully, so as to justify the assessment of treble damages and attorneys' fees under 15 U.S.C. § 1117.

55. Defendants' acts have caused substantial and irreparable damage and injury to Plaintiffs and, in particular, to their valuable goodwill and the distinctive quality of their famous Tree Design Marks and LITTLE TREES Marks and, if continued, will continue to cause substantial and irreparable damage and injury to Plaintiffs for which they have no adequate remedy at law.

## CLAIM IV
### VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-L

56. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 55 as if set forth herein.

57. Defendants' activities have been and, if continued, are likely to dilute Plaintiffs' distinctive Tree Design Marks and LITTLE TREES Marks, in violation of Plaintiffs' rights under New York General Business Law § 360-l.

58. Defendants' violations of New York General Business Law § 360-l have caused injury to Plaintiffs.

59. Defendants' violations of New York General Business Law § 360-l have caused, and, if continued, will continue to cause Plaintiffs to sustain irreparable harm, for which Plaintiffs have no adequate remedy at law.

## CLAIM V
### TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Common Law)

60. Plaintiffs repeat and reallege the allegations of paragraphs 1 through 59 as if set forth herein.

61. Defendants' unlawful and improper actions, as set forth above, have been, and if continued, are likely to cause confusion, mistake or deception as to the source, origin or sponsorship of Defendants' goods, or to falsely mislead consumers into believing that Defendants' goods originate from, are affiliated or connected with, or are approved by Plaintiffs.

3203006.6

62. Defendants' activities complained of herein constitute trademark infringement and unfair competition under New York State common law.

63. Defendants' aforesaid violations of New York State common law have caused injury to Plaintiffs.

64. Defendants' aforesaid violations of New York State common law, if continued, will continue to cause Plaintiffs to sustain irreparable damage and injury, for which they have no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

A. That Defendants and their affiliates, officers, agents, servants, employees, successors, and assigns, and all persons in active concert or participation with them who receive actual notice of the injunction order, by personal service or otherwise, be enjoined, preliminarily and permanently, from:

1. Any manufacture, production, sale, import, export, distribution, advertisement, promotion, display, or other exploitation of the Infringing Products;

2. Any use of Plaintiffs' Tree Design Marks, LITTLE TREES Marks, or any other Marks, designs, products, designations, or displays confusingly similar thereto, in connection with any goods or services;

3. Committing any other acts that infringe or dilute Plaintiffs' Tree Design Marks or LITTLE TREES Marks; and

4. Committing any other acts calculated or likely to cause consumers to believe that Defendants or their goods or services are in any manner connected, affiliated, or associated with or sponsored or approved by Plaintiffs.

B.   Pursuant to 15 U.S.C. § 1118, that Defendants deliver to Plaintiffs for destruction all units of the Infringing Products and all materials (including without limitation all advertisements, promotional materials, brochures, signs, displays, packaging, labels, and/or website materials) within their possession, custody or control, either directly or indirectly, that display or incorporate the Tree Design Marks, LITTLE TREES Marks, or any other Marks, designs, products, designations, or displays confusingly similar thereto;

C.   Pursuant to 15 U.S.C. § 1116, that Defendants file with the Court and serve on counsel for Plaintiffs within thirty (30) days after the entry of final judgment, a report in writing and under oath setting forth in detail the manner and form in which they have complied with paragraphs A and B above;

D.   Pursuant to 15 U.S.C. § 1117(a), that Defendants be directed to account to Plaintiffs for all gains, profits and advantages derived from Defendants' wrongful acts;

E.   Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Defendants three times the amount of Defendants' profits;

F.   Pursuant to 15 U.S.C. § 1117(a), that Plaintiffs recover from Defendants their attorneys' fees and costs in this action;

G.   That Plaintiffs recover prejudgment interest; and

H.   That Plaintiffs be awarded such other and further relief as the Court may deem equitable and proper.

## JURY DEMAND

Plaintiffs demand trial by jury.

| | |
|---|---|
| Dated:  August 30, 2018 | BOND, SCHOENECK & KING, PLLC<br><br>By: */s/ Liza R. Magley*<br>     Louis Orbach (507815)<br>     Liza R. Magley (519849)<br>One Lincoln Center<br>Syracuse, NY 13202<br>Telephone:  (315) 218-8000<br>E-mail:  lorbach@bsk.com<br>E-mail:  lmagley@bsk.com<br><br>*Attorneys for Plaintiffs* |

3203006.6