UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD

                    Plaintiffs,        Civil Action No.
                                           5:18-CV-1037

    v.

SURREAL ENTERTAINMENT LLC and BOB
ROSS INC.

                    Defendants.

## DEFENDANT BOB ROSS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Bob Ross, Inc. (hereinafter, "BRI" or "Defendant"), through counsel, hereby answers the Complaint of Plaintiffs, Car-Freshner Corporation ("CFC") and Julius Sämann Ltd. ("JSL" or collectively "Plaintiffs") as follows:

## JURISDICTION AND VENUE

1.     Defendant admits that the Complaint purports to assert claims under the Lanham Act and related state statutes and common law. Defendant otherwise denies the allegations of Paragraph 1 of the Complaint.

2.     Defendant admits the allegations of Paragraph 2 of the Complaint.

## PARTIES

3.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 3 of the Complaint, and therefore denies the same.

4.     Defendant is without information sufficient to form a belief as to the truth or falsity of the allegations of Paragraph 4 of the Complaint, and therefore denies the same.

5. Defendant admits the allegations of Paragraph 5 of the Complaint.

6. Defendant admits the allegations of Paragraph 6 of the Complaint.

7. Defendant denies the allegations of Paragraph 7 of the Complaint.  BRI's principal place of business is 13882 Park Center Road, Herndon, Virginia 20171.

8. Defendant admits the allegations of Paragraph 8 of the Complaint.

### PLAINTIFF'S BUSINESS AND TREE DESIGN MARKS

9. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 9 of the Complaint, and therefore denies the same.

10. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 10 of the Complaint, and therefore denies the same.

11. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 11 of the Complaint, and therefore denies the same.

12. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 12 of the Complaint, and therefore denies the same.

13. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 13 of the Complaint, and therefore denies the same.

14. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 14 of the Complaint, and therefore denies the same.

15. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 15 of the Complaint, and therefore denies the same.

16. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 16 of the Complaint, and therefore denies the same.

17. The allegations in Paragraph 17 of the Complaint contain legal conclusions to

which no response is required. To the extent a response is required, Defendant denies the allegations of Paragraph 17 of the Complaint.

18. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 18 of the Complaint, and therefore denies the same.

19. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 19 of the Complaint, and therefore denies the same.

20. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 20 of the Complaint, and therefore denies the same.

21. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Complaint, and therefore denies the same.

22. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 22 of the Complaint, and therefore denies the same.

23. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 23 of the Complaint, and therefore denies the same.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant denies the allegations in Paragraph 25 of the Complaint.

26. Defendant denies the allegations in Paragraph 26 of the Complaint.

## **THE DEFENDANTS' ACTIVITIES**

27. Defendant admits that Surreal Entertainment LLC ("Surreal") has offered for sale and sold air fresheners. Defendant otherwise denies the allegations in Paragraph 27 of the Complaint.

28. Defendant admits that the air fresheners offered for sale and sold by Surreal come in multiple fragrances. Defendant otherwise denies the allegations in Paragraph 28 of the

Complaint.

29. Defendant admits that Surreal has offered for sale and sold air fresheners under license from Defendant and that Defendant approved the designs for those air fresheners. Defendant is without sufficient information to form a belief as to the truth or falsity of the remaining allegations in Paragraph 29 of the Complaint, and therefore denies the same.

30. Defendant admits that the images shown at Paragraph 30 of the Complaint depict air fresheners offered for sale and sold by Surreal and approved by Defendant. Defendant otherwise denies the allegations in Paragraph 30 of the Complaint.

31. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 31 of the Complaint, and therefore denies the same.

32. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 32 of the Complaint, and therefore denies the same.

33. Defendant admits that it did not receive permission from Plaintiffs, but states that no permission was required. Defendant otherwise denies the allegations in Paragraph 33 of the Complaint.

34. Defendant denies the allegations in Paragraph 34 of the Complaint.

35. Defendant denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

**CLAIMS FOR RELIEF**
**CLAIM I**
**INFRINGEMENT OF A REGISTERED TRADEMARK**
**(Federal)**

38. Defendant repeats and realleges its responses to the allegations of Paragraphs 1 through 37 of the Complaint as if fully set forth herein.

39. Defendant denies the allegations of Paragraph 39 of the Complaint.

40. Defendant denies the allegations of Paragraph 40 of the Complaint.

41. Defendant denies the allegations of Paragraph 41 of the Complaint.

42. Defendant denies the allegations of Paragraph 42 of the Complaint.

43. Defendant denies the allegations of Paragraph 43 of the Complaint.

## CLAIM II
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Federal)

44. Defendant repeats and realleges its responses to the allegations of Paragraphs 1 through 43 of the Complaint as if fully set forth herein.

45. Defendant denies the allegations of Paragraph 45 of the Complaint.

46. Defendant denies the allegations of Paragraph 46 of the Complaint.

47. Defendant denies the allegations of Paragraph 47 of the Complaint.

48. Defendant denies the allegations of Paragraph 48 of the Complaint.

49. Defendant denies the allegations of Paragraph 49 of the Complaint.

## CLAIM III
## TRADEMARK DILUTION
### (Federal)

50. Defendant repeats and realleges its responses to the allegations of Paragraphs 1 through 49 of the Complaint as if fully set forth herein.

51. Defendant is without sufficient information to form a belief as to the truth or falsity of the allegations in Paragraph 51 of the Complaint, and therefore denies the same.

52. Defendant denies the allegations of Paragraph 52 of the Complaint.

53. Defendant denies the allegations of Paragraph 53 of the Complaint.

54. Defendant denies the allegations of Paragraph 54 of the Complaint.

55. Defendant denies the allegations of Paragraph 55 of the Complaint.

## CLAIM IV
## VIOLATION OF NEW YORK GENERAL BUSINESS LAW § 360-1

56. Defendant repeats and realleges its responses to the allegations of Paragraphs 1 through 55 of the Complaint as if fully set forth herein.

57. Defendant denies the allegations of Paragraph 57 of the Complaint.

58. Defendant denies the allegations of Paragraph 58 of the Complaint.

59. Defendant denies the allegations of Paragraph 59 of the Complaint.

## CLAIM V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION
### (Common Law)

60. Defendant repeats and realleges its responses to the allegations of Paragraphs 1 through 59 of the Complaint as if fully set forth herein.

61. Defendant denies the allegations of Paragraph 61 of the Complaint.

62. Defendant denies the allegations of Paragraph 62 of the Complaint.

63. Defendant denies the allegations of Paragraph 63 of the Complaint.

64. Defendant denies the allegations of Paragraph 64 of the Complaint.

**WHEREFORE**, Defendant denies that Plaintiffs are entitled to any relief, including but not limited to the relief sought in the Complaint.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

This Court does not have personal jurisdiction over BRI.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claimed trademark is functional.

## FOURTH AFFIRMATIVE DEFENSE

The offering for sale and sale of the products at issue is not likely to cause confusion among consumers.

Dated:  October 29, 2018	Respectfully submitted,

s/  Kimberly Zimmer
Kimberly Zimmer
(NDNY # 505346)
Email:  kmz@kimzimmerlaw.com
Zimmer Law Office, PLLC
120 E. Washington Street
Suite 815
Syracuse, NY 13202
Telephone:  (315) 422-9909
Facsimile:  (315) 422-9911

/s/  David G. Barger
David G. Barger
(VSB # 21652)
(*Admitted Pro Hac Vice*)
Email:  bargerd@gtlaw.com
GREENBERG TRAURIG, LLP
1750 Tysons Blvd., Suite 1000
McLean, VA 22102
Telephone:  (703) 749-1307
Facsimile:  (703) 714-8307

Steven J. Wadyka, Jr.
(DC Bar #417504)
(*Admitted Pro Hac Vice*)
Email:  wadykas@gtlaw.com
GREENBERG TRAURIG, LLP
2101 L Street N.W., Suite 1000
Washington, D.C. 20037
Telephone:  (202) 331-3105
Facsimile:  (202) 331-3101

*Attorneys for Bob Ross Inc.*

## CERTIFICATE OF SERVICE

I certify that on October 29, 2018, a copy of the foregoing was sent via U.S. mail, e-mailed and served electronically upon the following:

**BARCLAY DAMON LLP**
John D. Cook (511491)
Office and Post Office Address
Barclay Damon Tower
125 Jefferson Street
Syracuse, New York 13202
Telephone (315) 425-2885
Facsimile (315) 703-7353
Email jcook@barclaydamon.com
**Counsel for Surreal Entertainment LLC**

**BOND SCHOENECK & KING, PLLC - SYRACUSE**
Liza R. Magley
Louis Orbach
One Lincoln Center
Syracuse, NY 13202
315-218-8226
Fax: 315-218-8468
Email: lmagley@bsk.com
**Counsel for Car-Freshner Corporation, and Julius Samann Ltd**

**RENNER KENNER GREIVE BOBAK TAYLOR & WEBER CO. LPA**
Ray L. Weber (*pro hac vice* pending)
Office and Post Office Address
106 South Main St Suite 400
Akron, Ohio 44308-1412
Telephone (330) 376-1242
Email rlweber@rennerkenner.com
**Counsel for Surreal Entertainment LLC**

*/s/ David G. Barger*
*Counsel for Bob Ross, Inc.*