UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

═══════════════════════════════════

CAR-FRESHNER CORPORATION and
JULIUS SÄMANN LTD.,

                Plaintiffs

SURREAL ENTERTAINMENT LLC, BOB
ROSS INC., and CLASSIC IMPORTS, INC.
d/b/a FUNKY PEOPLE,

                Defendants

Civil Action No.
5:18-cv-1037 (GTS/TWD)

═══════════════════════════════════

### ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT, CLASSIC IMPORTS, INC. d/b/a FUNKY PEOPLE, IN RESPONSE TO PLAINTIFFS' AMENDED COMPLAINT (Dkt. #26))

Defendant, Classic Imports, Inc. d/b/a Funky People ("Classic" or "Defendant"), as and for its answer, affirmative defenses, and counterclaims to the Amended Complaint (Dkt. #26) of Plaintiffs, Car-Freshner Corporation and Julius Sämann Ltd. (collectively, "Plaintiffs"), states as follows:

### ANSWER

### JURISDICTION AND VENUE

1.      In response to Paragraph 1 of the Amended Complaint, Classic admits only that the Amended Complaint purports to state a civil action arising under the Lanham Trademark Act, as amended, 15 U.S.C. § 1051, related state statutes, and the common law; Classic denies any liability to Plaintiffs for trademark infringement, unfair competition, or trademark dilution; Paragraph 1 of the Amended Complaint further contains legal conclusions to which no response is required, but to the extent a response is required, Classic admits that this Court has subject matter jurisdiction.

2.      Paragraph 2 of the Amended Complaint contains legal conclusions to which no response is required, but to the extent a response is required, Classic admits that this Court is a proper venue.

## PARTIES

3.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 3 of the Amended Complaint, and therefore the allegations are denied.

4.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 4 of the Amended Complaint, and therefore the allegations are denied.

5.     Classic admits the allegations of Paragraph 5 of the Amended Complaint.

6.     Classic admits the allegations of Paragraph 6 of the Amended Complaint; but denies any inference that these are its only activities.

7.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 7 of the Amended Complaint, and therefore the allegations are denied.

8.     In response to Paragraph 8 of the Amended Complaint, Classic admits upon information and belief only that Defendant Bob Ross Inc. ("BRI") has licensed Surreal to manufacture and distribute items related to the late Bob Ross; Classic lacks knowledge or information sufficient to form a belief as to the truth of any remaining allegations of Paragraph 8 of the Amended Complaint.

9.     Classic denies having information sufficient to form a belief as to the allegations contained in Paragraph 9 of the Amended Complaint.

10.    Classic denies having information sufficient to form a belief as to the allegations contained in Paragraph 10 of the Amended Complaint.

## PLAINTIFFS' BUSINESS AND TREE DESIGN MARKS

11.    Classic denies the allegations of Paragraph 11 of the Amended Complaint.

12.    Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 12 of the Amended Complaint, and therefore the allegations are denied.

13.    Classic denies the allegations of Paragraph 13 of the Amended Complaint.

14.    Classic lacks knowledge or information sufficient to form a belief as to the truth of the

allegations of Paragraph 14 of the Amended Complaint, and therefore the allegations are denied.

15.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 15 of the Amended Complaint, and therefore the allegations are denied.

16.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 16 of the Amended Complaint, and therefore the allegations are denied.

17.     Classic denies the allegations of Paragraph 17 of the Amended Complaint.

18.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 18 of the Amended Complaint, and therefore the allegations are denied.

19.     Paragraph 19 of the Amended Complaint contains legal conclusions to which no response is required, but to the extent a response is required, Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 19 of the Amended Complaint, and therefore the allegations are denied.

20.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 20 of the Amended Complaint, and therefore the allegations are denied.

21.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 21 of the Amended Complaint, and therefore the allegations are denied.

22.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 22 of the Amended Complaint, and therefore the allegations are denied.

23.     Classic lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 23 of the Amended Complaint, and therefore the allegations are denied.

24.     Classic denies the allegations of Paragraph 24 of the Amended Complaint.

25.     Classic denies the allegations of Paragraph 25 of the Amended Complaint.

26.     Classic denies the allegations of Paragraph 26 of the Amended Complaint.

27.     Classic denies the allegations of Paragraph 27 of the Amended Complaint.

28.     Classic denies the allegations of Paragraph 28 of the Amended Complaint.

## THE DEFENDANTS' ACTIVITIES

29.      Classic denies having information sufficient to form a belief as to the allegation that Surreal or Funky People have offered for sale and sold air fresheners, such as the ones depicted in Paragraph 32 of the Amended Complaint; Classic denies the remaining allegations contained in Paragraph 29 of the Amended Complaint, particularly denying that the air fresheners are confusingly similar and are Infringing Products.

30.      Classic denies having information sufficient to form a belief as to the allegation that Surreal or Funky People have offered for sale and sold air fresheners; Classic denies that the air fresheners are Infringing Products and the remaining allegations contained in Paragraph 30 of the Amended Complaint.

31.      Classic denies having information sufficient to form a belief as to the allegations contained in Paragraph 31 of the Amended Complaint.

32.      Classic denies having information sufficient to form a belief as to the allegation that Surreal or Funky People have offered for sale and sold air fresheners; Classic denies that the air fresheners are Infringing Products and the remaining allegations contained in Paragraph 32 of the Amended Complaint.

33.      Classic denies having information sufficient to form a belief as to the allegations that it has sold air fresheners, such as the ones depicted in Paragraph 32 of the Amended Complaint, to third party retailers in particular locations in the United States; Classic denies that the air fresheners are Infringing Products and the remaining allegations contained in Paragraph 33 of the Amended Complaint.

34.      Classic denies that the air fresheners are Infringing Products.  Classic denies having information sufficient to form a belief as to the allegations contained in Paragraph 34 of the Amended Complaint.

35.      Classic admits that it did not receive permission from Plaintiffs, but denies that such


## CLAIM III

### TRADEMARK DILUTION (Federal)

52.     In response to Paragraph 52 of the Amended Complaint, Classic repeats its responses to

Paragraphs 1 through 41 of the Amended Complaint as if fully rewritten.

53.     Classic denies the allegations of Paragraph 53 of the Amended Complaint.

54.     Classic denies the allegations of Paragraph 54 of the Amended Complaint.

55.     Classic denies the allegations of Paragraph 55 of the Amended Complaint.

56.     Classic denies the allegations of Paragraph 56 of the Amended Complaint.

57.     Classic denies the allegations of Paragraph 57 of the Amended Complaint.

## CLAIM IV

### VIOLATION OF NEW YORK
### GENERAL BUSINESS LAW § 360-L

58.     In response to Paragraph 58 of the Amended Complaint, Classic repeats its responses to

Paragraphs 1 through 55 of the Amended Complaint as if fully rewritten.

59.     Classic denies the allegations of Paragraph 59 of the Amended Complaint.

60.     Classic denies the allegations of Paragraph 60 of the Amended Complaint.

61.     Classic denies the allegations of Paragraph 61 of the Amended Complaint.

## CLAIM V

### TRADEMARK INFRINGEMENT AND
### UNFAIR COMPETITION (Common Law)

62.     In response to Paragraph 62 of the Amended Complaint, Classic repeats its responses to

Paragraphs 1 through 59 of the Amended Complaint as if fully rewritten.

63.     Classic denies the allegations of Paragraph 63 of the Amended Complaint.

64.     Classic denies the allegations of Paragraph 64 of the Amended Complaint.

65.     Classic denies the allegations of Paragraph 65 of the Amended Complaint.

66.     Classic denies the allegations of Paragraph 66 of the Amended Complaint.

## ANSWER TO PRAYER FOR RELIEF

Classic denies that Plaintiffs are entitled to the judgment and relief prayed for in their Prayer for Relief.

## AFFIRMATIVE DEFENSES

As and for its Affirmative Defenses, Classic hereby states:

### First Defense

Plaintiffs fail to state a claim upon which relief can be granted.

### Second Defense

There is no likelihood of confusion caused by Classic's actions or activities.

### Third Defense

Plaintiffs' requested relief is barred, in whole or in part, by fair use. Any asserted use of a valid trademark of Plaintiffs by Classic was in good faith in its descriptive sense, and not as a trademark or source identifier. Any asserted use of a valid trademark of Plaintiffs by Classic merely associates the air freshener products with the artist Bob Ross, who was known to include pine trees in his paintings and describe those pine trees as "happy little trees."

### Fourth Defense

Plaintiffs' claims, in whole or in part, are barred because one or more of Plaintiffs' marks are invalid as being functional. The shape of the "Tree Design Marks" (with reference to the Amended Complaint) are part of the claimed invention of expired U.S. Patent No. 3,065,915, which recites, in part, "a flat absorbent body impregnated with the volatile substance and disposed within said envelope; […] a marking on said body aligned with the window so that it appears in the window and travels along the length thereof toward the top end of the envelope as the body is progressively moved out of the top of the envelope […] said absorbent body having a point at the top and an outline which flares outward toward the bottom, the outline and the indicia being correlated so that the desired area of the body is exposed; said body outline being sufficiently rigid to pierce the seal of the top end of the envelope and

Sugarman Law Firm, LLP· 211 West Jefferson Street · Syracuse, NY 13202

progressively widen the opening as the body is moved there through; the unbroken sealed portion of the envelope and the outline of the absorbent body cooperating to hold the body and the envelope in adjusted relation."

## Fifth Defense

Plaintiffs' claims, in whole or in part, are barred because one or more of Plaintiffs' marks are invalid as being aesthetically functional.

## Sixth Defense

Plaintiffs' claims, in whole or in part, are barred because the structure comprising one or more of Plaintiffs' marks was dedicated to the public upon the expiration of U.S. Patent No. 3,065,915 and the assertion of such structure as a trademark is an unlawful attempt to extend the patent monopoly.

## Seventh Defense

Plaintiffs' claims are barred by the doctrines of laches, estoppel, acquiescence, waiver, and/or unclean hands.

## Eighth Defense

Any and all defenses which have been or will be asserted by all other Defendants in this matter are adopted and incorporated herein by reference as defenses to Plaintiffs' amended complaint. Classic reserves the right to supplement/amend its answer to assert additional affirmative defenses that may become available or relevant during the course of this action.

## Ninth Defense

The claims are barred where Classic has a right to use descriptive words or images in good faith in their ordinary descriptive sense.

## **COUNTERCLAIMS**

Defendant/Counterclaimant, Classic Imports, Inc. d/b/a Funky People ("Classic"), as and for its Counterclaims against Plaintiffs/Counterdefendants, Car-Freshner Corporation and Julius Sämann Ltd. (collectively, "Counterdefendants"), states as follows:

## JURISDICTION AND VENUE

1.      This is an action for cancellation of federal trademark registrations, declaratory judgment, damages, and injunctive relief for which this Court has jurisdiction under 15 U.S.C. § 1119, 15 U.S.C. § 1121, 28 U.S.C. § 1331, 28 U.S.C. § 1338(a), 28 U.S.C. § 1367(a).

2.      Venue is proper because Counterdefendants have consented to the propriety of venue by commencing their claims in this Court in response to which these counterclaims are asserted.

## COUNT I

### CANCELLATION OF FEDERAL TRADEMARK REGISTRATION NUMBERS 719,498; 1,131,617; 1,726,888; 1,781,016; 1,791,233; 2,741,364; 3,766,310; AND 4,592,854 AS BEING FUNCTIONAL

3.      15 U.S.C. § 1064 allows for a mark registration to be canceled at any time if the registered mark is functional.

4.      The late Julius Sämann is the listed inventor of the now expired United States Patent No. 2,757,957 (the "'957 Patent," attached as Exhibit A) entitled "Container For Volatile Substances." The '957 Patent has a filing date of October 8, 1954 and an issue date of August 7, 1956.

5.      Julius Sämann is the listed inventor of the now expired United States Patent No. 3,065,915 (the "'915 Patent," attached as Exhibit B) entitled "Container For Volatile Substances." The '915 Patent has a filing date of January 8, 1959 and an issue date of November 27, 1962.

6.      Upon information and belief, Julius Sämann was a former owner of, or was affiliated with, Counterdefendants or their predecessors.

7.      The '957 Patent describes that an "[article] 7 represents an article made of suitable absorbent material [which] is impregnated or soaked [with] a deodorizing substance, an air perfume substance, an insect-repelling or destroying substance or any other volatile substance."

8.      The '957 Patent further describes "the article 7 is preferably pulled only partway out of the envelope, since generally the article contains sufficient volatile material so that only a part of the article need be exposed to the atmosphere for a number of days, and later it may be pulled out farther or

entirely removed therefrom to permit the remainder of the volatile material to escape."

9.     Fig. 1 of the '957 Patent includes article 7 with the particular shape shown below.



Fig. 1.

10.    The '915 Patent, which was filed 4+ years after the '957 Patent was filed, refers to the '957 Patent, stating "Certain substances, such as odor-destroying, air-perfuming, or insect-destroying substances, are generally quite volatile and porous members impregnated with the same have heretofore been enclosed in impervious envelopes or pouches from which such members may be partially withdrawn to avoid excessive volatilization, as shown in my Patent No. 2,757,957 of August 7, 1956. In such articles the extent to which the impregnated members should be withdrawn from the pouches was not indicated, and frequently purchasers of these articles did not realize that the rate of volatilization could be controlled by withdrawing the impregnated member only partially from the pouch, and such purchasers frequently removed the porous members entirely from the pouches with the result that the volatilization was too rapid and produced an excessively heavy and consequently unpleasant odor."

11.    The '915 Patent describes "a porous member or device 6 [...] which may, for example, be made of absorbent material."

12.    The '915 Patent further describes "In the particular construction illustrated, the porous

member is in the form of a tree and this generally conical shape serves two purposes. In the first place, when the volatile material is of the maximum strength, only a small part of the apex of the tree or conical member is exposed and gradually larger areas of the tree are exposed to the atmosphere while smaller portions of the volatile material are left in the pouch. Another purpose of the conical shape is that as the opening in the upper end 7 of the pouch is gradually increased in size, the conical shape limits the extent to which the member may be drawn out of the pouch and holds the pouch in place on the porous member. When the strength of the volatile material has greatly diminished, the pouch can be entirely removed from the porous member which may then be used without the pouch until it has lost its effectiveness."

13.     The Claim of the '915 Patent recites "[…] a flat absorbent body impregnated with the volatile substance and disposed within said envelope; […] said absorbent body having a point at the top and an outline which flares outward toward the bottom, the outline and the indicia being correlated so that the desired area of the body is exposed; said body outline being sufficiently rigid to pierce the seal of the top end of the envelope and progressively widen the opening as the body is moved there through; the unbroken sealed portion of the envelope and the outline of the absorbent body cooperating to hold the body and the envelope in adjusted relation."

14.     Fig. 1 of the '915 Patent includes porous member or device 6 with the particular shape shown below, which upon information and belief, is quite notably the same or substantially the same shape as the tree design shape of the Tree Design Marks asserted in the Amended Complaint.



15.     Fig. 2 of the '915 Patent, provided below, "show[s] the porous member partly removed from the container," which upon information and belief, shows the "two purposes" described by the '915 Patent for this form of porous member or device 6.



*Fig. 2.*

16.    The '915 Patent further describes "an indicator on the porous member 6. This indicator

may be […] a part of this member or an arrow 12 shown by way of example in Fig. 1, on the lower

portion of the member, in position to be clearly seen through the window 10." Fig. 1 (shown above)

shows a first position of porous member 6 wherein the indicator arrow 12 and the "lower member" of

porous member 6 are not viewable through "clear space or window 10." Fig. 2 (shown above) shows a

second position of porous member 6 wherein the indicator arrow 12 and at least a portion of the "lower

member" of porous member 6 are viewable through clear space or window 10 upon porous member 6

moving upward. The "lower member" of porous member 6, whether acting as the "part of this member

[i.e. porous member 6]" or containing indicator arrow 12 thereon, functions to indicate to the user the

alignment of porous member 6 compared to "graduations" of clear space or window 10.

17.    The Claim of the '915 Patent further recites "[…] a marking [i.e. indicator arrow 12] on

said body aligned with the window so that it appears in the window and travels along the length thereof

toward the top end of the envelope as the body is progressively moved out of the top of the envelope

[…]."

18.     The "lower member" of the "porous member or device 6" additionally functions to allow word phrases to be placed on certain air freshener products of Counterdefendants, as evidenced by certain of the product examples presented in the Amended Complaint.

19.     Upon information and belief, the present packaging utilized by Counterdefendants to sell their air freshener products includes instructions as to how to use the air freshener products in a way that generally corresponds with the "two purposes" described by the '915 Patent and other functionality described by the '915 Patent and, most notably, with at least aspects of the Claim of the '915 Patent.

20.     Upon information and belief, these instructions and the "two purposes" described by the '915 Patent and other functionality described by the '915 Patent and at least aspects of the Claim of the '915 Patent are understood and utilized by at least certain purchasers of the air freshener products of Counterdefendants. See Exhibit C, Exhibit D, and Exhibit E.

21.     The tree design shape of the Tree Design Marks asserted in the Amended Complaint is essential to the use or purpose of the article. The tree design shape of the Tree Design Marks is functional.

## COUNT II

### DECLARATORY JUDGMENT OF NO ENFORCEABLE RIGHTS

22.     Classic incorporates Paragraphs 1 through 21 of the Counterclaims as if fully rewritten.

23.     Counterdefendants do not have any enforceable right in the tree design asserted in the Amended Complaint, by statute or common law.

24.     The tree design asserted in the Amended Complaint is unenforceable for one or more of descriptiveness and functionality.

## COUNT III

### DECLARATORY JUDGMENT OF NON-INFRINGEMENT

25.     Classic incorporates Paragraphs 1 through 24 of the Counterclaims as if fully rewritten.

26.     Counterdefendants have alleged trademark infringement.

27.     Classic denies that the accused products would cause likelihood of confusion as to the source or sponsorship of the products.  Exhibit F includes examples of the packaging materials in which the accused products are advertised and offered for sale.  At least these packaging materials associate the accused products with Bob Ross and avoid a likelihood of confusion as to the source or sponsorship of the accused products.  Exhibit G and Exhibit H include examples of articles referencing Bob Ross's use of the term "happy little trees" to describe the pine trees in his paintings. Any use of the term "happy little trees" in the accused products associates the accused products with Bob Ross and avoids a likelihood of confusion as to the source or sponsorship of the accused products.

28.     To the extent that the alleged trademarks are found to be valid, Classic is entitled to an order from the Court declaring that the accused products do not infringe.

### PRAYER FOR RELIEF

WHEREFORE, Classic prays that a judgment be entered:

A.     Preliminarily and permanently enjoining Plaintiffs from enforcing its trademarks asserted in this action;

B.     Declaring the alleged trademarks invalid;

C.     Declaring the alleged trademarks unenforceable;

D.     Declaring that Classic does not infringe the alleged trademarks;

E.     Awarding Classic its reasonable attorney fees and costs expended in defending the Amended Complaint and prosecuting the Counterclaims herein; and

F.     Awarding Classic such other and additional relief as this Court deems just and proper.

## JURY DEMAND

Classic hereby demands a trial by jury on all issues so triable.

DATED: January 15, 2019

Kevin R. Van Duser, Esq.
Bar Roll No. 510190
Sugarman Law Firm, LLP
Attorneys for Defendant, Classic Imports, Inc.
 d/b/a Funky People
211 West Jefferson St.
Syracuse, NY 13202
315-362-8939
Email: kvanduser@sugarmanlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that on January 15, 2019, the foregoing ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS OF DEFENDANT, CLASSIC IMPORTS, INC. d/b/a FUNKY PEOPLE, IN RESPONSE TO PLAINTIFFS' AMENDED COMPLAINT and EXHIBITS was filed electronically utilizing the Court's CM/ECF system, which sent electronic or other notification of such filing to all counsel of record in this case.

Kevin R. Van Duser
Bar Roll No. 510190